FRIENDS OF THE WILD SWAN, INC., Alliance for the Wild Rockies Inc., Ecology Center, Inc., American Wildlands, Inc., Montana Environmental Information Center Inc., Plaintiffs,

v.

U.S. ENVIRONMENTAL PROTECTION AGENCY, Carol Browner, Administrator, Jack McGraw, Region VIII EPA Administrator, Defendants,

and

State of Montana, ex rel. Department of Environmental Quality, Montana Wood Products Association, Montana Stockgrowers Association, and Montana Farm Bureau Federation, Intervenors.

No. CV 97–35–M–DWM.

United States District Court,
D. Montana,
Missoula Division.

Sept. 21, 2000.

See also: 130 F.Supp.2d 1207.

Jack R. Tuholske, Missoula, MT, Jory Ruggiero, Bozeman, MT, for Friends of Wild Swan, Alliance of Wild Rockies, Ecology Center, Inc., American Wildlands.

Claudia L. Massman, Helena, MT, Jack R. Tuholske, Missoula, MT, Jory Ruggiero, Bozeman, MT, for Montana Environmental Information Center, Inc.

Deanne L. Sandholm, Office of the U.S. Attorney, Helena, MT, Daniel R. Dertke, U.S. Dept. of Justice, Environmental Defense Section, Washington, DC, Margaret J. Livingston, Associate Regional Counsel, U.S. Environmental Protection Agency, Denver, CO, for U.S. Environmental Protection Agency, Carol M. Browner, Jack Region VIII.

John F. North, Claudia L. Massman, Jane Amdahl, Montana Dept. of Environmental Quality, Helena, MT, for State of Montana, ex rel., Dept. of Environmental Quality.

Rebecca W. Watson, Jeffrey M. Hindoien, Gough Shananhan Johnson & Waterman, Helena, MT, for Montana Wood Products Ass'n.

Rebecca W. Watson, Jeffrey M. Hindoien, Gough Shananhan Johnson & Waterman, Helena, MT, John E. Bloomquist, Doney Crowley & Bloomquist, Helena, MT, for Montana Stockgrowers Ass'n., Montana Farm Bureau Federation.

### ORDER

MOLLOY, District Judge.

Pursuant to Fed.R.Civ.P. 59(e), Plaintiffs, Defendants, and Intervenors each move to amend the Order and Judgment of June 21, 2000. The amendments proposed by Defendants and Intervenors would change the substance of the Court's Order so they are denied. The amendment proposed by Plaintiff clarifies the Order and Judgment. It is granted.

*Plaintiffs' Motion to Amend*

Plaintiffs ask the Court to revise ¶ 6 of the Order, which prohibits the EPA from issuing new permits or increasing permitted discharges "[u]ntil all necessary TMDLs are established for a particular WQLS." Plaintiffs explain that the EPA delegated its authority to issue such permits to the State of Montana, so that the EPA no longer has the authority to issue, revise, or withhold permits.

The EPA, the State, and the Intervenors object that a prohibition against the State's issuance of permits conflicts with state law and is not grounded in federal law.

■ Strictly speaking, no amendment is necessary. The EPA is ultimately responsible for developing all necessary TMDLs for each WQLS by May 5, 2007. Even if the State of Montana issues more permits, the EPA's duty is not changed. It will still have to develop the necessary TMDLs. If Montana contemplates or issues permits that undermine water quality standards, the Clean Water Act imposes a responsibility on the EPA to take appropriate action. *See, e.g.*, 33 U.S.C. § 1342(c)(3); 40 C.F.R. § 123.44(c).

However, the proposed amendment clarifies that current conditions are to be held constant, so far as possible, while TMDLs are being developed. The Order explicitly permits the State of Montana to prioritize among WQLSs for TMDL development. *See* Order of June 21, 2000, at ¶ 4. Where a pollutant discharge permit is under consideration, the State may choose to make TMDL development for that WQLS a higher priority. Finally, the State's discretion is not undermined by requiring it to develop TMDLs that were due at least two years ago before it issues new or revised permits in the future.

*Defendant EPA's and Intervenors' Motions to Amend*

■ The EPA proposes that the Court qualify its requirement that the EPA develop TMDLS for all WQLSs by May 5, 2007, by adding the phrase "unless such WQLSs are removed from the list." The Intervenors make essentially the same argument. The proposed amendment would permit the EPA and/or the State of Montana to delete WQLSs from Montana's

1996 § 303(d) list and, thus, from the list of waterbodies for which TMDLs must be formulated by 2007.

The EPA argues that the proposed amendment would "bring the Court's Order in line with state and federal law." EPA's Brief in Support of Motion to Amend at 2, ¶ F.Mont.Code Ann. § 75–5–703(3) sets a deadline of May 5, 2007, for development of TMDLs for each WQLS on Montana's 1996 list. The Court adopted this deadline as its own. The statute, however, also exempts from the deadline for TMDL development any WQLSs that are added to or deleted from the 1996 list.

The EPA and the Intervenors also argue that, if the Court does not permit some WQLSs to be removed from the 1996 list in accordance with state and federal law, then WQLSs that are identified in the future may go without TMDLs because resources will be consumed by fulfillment of the Court's Order.

The imperative of the Clean Water Act is to identify waterbodies of limited quality and to develop a calculation of the amount and type of pollutants that the waterbody can accommodate while maintaining ambient water quality standards. Such development is to take place in a progressive fashion, so that the most compromised waters would be treated first, and less compromised waters would be treated later. *See* Order of November 4, 1999, at 5 (describing statutory scheme). Prompt development of TMDLs for identified WQLSs is central to the purposes of the Act.

Nothing in the Court's Order ameliorates these imperatives; they remain in effect for WQLSs that have not yet been identified. Similarly, nothing in the Court's Order detracts from the State's discretion to prioritize among WQLSs, except that all TMDLs for WQLSs identified in 1996 must be developed by May 5, 2007. In other words, the Court's Order, which is designed to remedy a past violation, does not excuse the EPA or the State from the duty to promptly develop TMDLs for WQLSs identified in the future. Consequently, there is no principled reason to

excuse the duty to develop TMDLs for each WQLS on the 1996 list. The Court's Order requires that the Clean Water Act be honored so far as possible after twenty years of neglect.

Moreover, the Court's Order also emphasized that the State's and the EPA's discretion should be honored so far as possible. This was the reason for the Court's adoption of the deadline established by Mont.Code Ann. § 75–5–703(3) and for its explicit provision for the State of Montana to prioritize among the WQLSs. The Court's authority to order a remedy is not limited by statute.

As a practical matter, if WQLSs can be removed from the list, then the EPA's responsibility under the Order will not be clear until May 4, 2007. The 1996 list imposes clear and definite duties. The amendment proposed by Defendants and Intervenors would circumvent the specific problem that is being addressed: the EPA's and the State's failure timely to develop TMDLs for WQLSs. The proposed amendment is rejected.

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion to amend (dkt # 154) is GRANTED. The Order and Judgment of June 21, 2000, are amended. Page 10, ¶ 6, of the Order of June 21, 2000, shall read as follows:

6. Until all necessary TMDLs are established for a particular WQLS, neither the EPA nor the State of Montana shall issue any new permits or increase permitted discharge for any permittee under the National Pollutant Discharge Elimination System permitting program or under the Montana Pollutant Discharge Elimination System permitting program.

Page 1, ¶ 6, of the Judgment of June 21, 2000, shall read as follows:

6. Until all necessary TMDLs are established for a particular WQLS, neither the EPA nor the State of Montana shall issue any new per-

mits or increase permitted discharge for any permittee under the National Pollutant Discharge Elimination System permitting program or under the Montana Pollutant Discharge Elimination System permitting program.

IT IS FURTHER ORDERED that Defendants' (dkt # 155) and Intervenors' (dkt# 156, 157) motions to amend are DENIED.